**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID M. KISSNER,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>LOMA PRIETA JOINT UNION ELEMENTARY SCHOOL DISTRICT; et al.,<br><br>              Defendants - Appellees. | No. 24-1261<br><br>D.C. No.<br>3:22-cv-00949-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 17, 2025**
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Plaintiff-Appellant David M. Kissner appeals the district court's grant of

summary judgment to Defendants-Appellees on Kissner's First Amendment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliation claims with respect to his termination and layoff.[1]  We review de novo

the district court's grant of summary judgment.  *Ventura Packers, Inc. v. F/V*

*Jeanine Kathleen*, 305 F.3d 913, 916 (9th Cir. 2002).  Viewing the evidence in the

light most favorable to the nonmoving party (here, Kissner), we determine

"whether there are any genuine issues of material fact and whether the district

court correctly applied the relevant law."  *Id.*  We affirm.

To succeed on a First Amendment retaliation claim, the plaintiff must first

show that "(1) he was subjected to an adverse employment action, such as being

denied a benefit or privilege by [his public employer], (2) he engaged in speech

that was constitutionally protected because it touched on a matter of public concern

and (3) the protected expression was a substantial motivating factor for the adverse

action."  *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 976 (9th Cir.

2002).  Once those showings are made,

> [T]he burden shifts to the public employer to demonstrate either that,
> under the balancing test established by *Pickering v. Bd. of Educ.*, 391
> U.S. 563, 568 (1968), its legitimate administrative interests outweighed
> [Plaintiff's] First Amendment rights or that, under the mixed motive
> analysis established by *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S.
> 274, 287 (1977), it would have reached the same decision even in the
> absence of the plaintiff's protected conduct.

---

[1]  Arguments not raised clearly and distinctly in the opening brief are
forfeited.  *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014).
Here, the only arguments raised clearly and distinctly in the Opening Brief concern
Kisser's First Amendment retaliation claims.  Any challenges to the district court's
rulings on other claims are therefore forfeited.

*Id.* at 976-77 (cleaned up).

1.  As to Kissner's termination, even if Kissner made the necessary prima facie showing, there is no genuine dispute that Defendants would have terminated Kissner even in the absence of Kissner's protected conduct.  Defendants' reasons for terminating Kissner (*i.e.*, that Kissner violated numerous District policies) were independent of Kissner's protected conduct, and there is no genuine dispute that Defendants believed those reasons, which overwhelmingly supported terminating Kissner's employment.

Kissner argues that Defendants' reasons for terminating him were false.  But in assessing whether Defendants' justifications for terminating Kissner were false, "it is not important whether they were *objectively* false" in the sense of whether Kissner actually did what he was accused of doing.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).  Rather, this court "only require[s] that an employer honestly believed its reason for its actions."  *Id.* (quotation marks and citation omitted).  Here, Defendants provided evidence of, *inter alia*, firsthand complaints that they received from parents about Kissner's conduct.  Kissner provided no countervailing evidence showing that Defendants did not honestly believe that those complaints described conduct that had occurred, that Defendants did not honestly believe their other proffered reasons for terminating him, or that any other teacher subject to similar complaints would not also have been

terminated.  There is thus no genuine dispute as to whether Defendants would have terminated Kissner regardless of his protected conduct.

2.  Kissner's remaining arguments as to his layoff-related claims are forfeited because Kissner's opening brief does not clearly and distinctly challenge the district court's ruling as to Defendants' liability for Kissner's layoff.  *See Avila*, 758 F.3d at 1101.  In any event, all of Kissner's layoff-related claims are precluded by a final state court judgment on the merits upholding the legality of Kissner's layoff.  *Kissner v. Loma Prieta Joint Union Sch. Dist.*, Nos. H050873, H050947, 2024 WL 1132173 (Cal. Ct. App. Mar. 15, 2024), *as modified on denial of reh'g* (Apr. 8, 2024), *review denied* (July 10, 2024); *see Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 915 (9th Cir. 1993) ("[28 U.S.C. § 1738] requires that federal courts look to state law to determine the preclusive effect of an earlier state judgment."); *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (explaining that *res judicata* applies under California law when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding" (quotation marks and citation omitted)).

**AFFIRMED.**

4                                                                      24-1261