**No. 24-1261**

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

DAVID M. KISSNER, an individual,

*Plaintiff-Appellant*,

v.

LOMA PRIETA JOINT UNION SCHOOL DISTRICT; ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California, San Francisco
No. 5:22-cv-00949-CRB
Hon. Charles R. Breyer

**APPELLANT'S PETITION FOR PANEL REHEARING
AND REHEARING EN BANC**

WILLIAM J. BECKER, JR., ESQ.
Bill@FreedomXLaw.com
FREEDOM X
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Attorneys for Appellant
DAVID M. KISSNER

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... iii

INTRODUCTION ........................................................................................1

FACTUAL AND PROCEDURAL OVERVIEW .......................................1

REASONS FOR GRANTING REHEARING ...........................................4

I.      REHEARING IS NECESSARY BECAUSE THE PANEL FAILED
        TO APPLY PROPER LEGAL STANDARDS, ADDRESS CRITICAL
        EVIDENCE, AND CONDUCT A MIXED-MOTIVE ANALYSIS ..............4

        A.      The Panel Failed To Perform A Proper Burden-Shifting
                Analysis, Disregarded Critical Evidence, And Neglected A
                Mixed-Motive Evaluation ........................................................4

        B.      The Panel Ignored *Mt. Healthy's* Mandate To Scrutinize The
                Governing Board's Motive ........................................................7

        C.      The Panel Overlooked Material Evidence Of Retaliatory
                Motive .....................................................................................9

                1.  Temporal Proximity ........................................................9

                2.  Shifting Justifications ...................................................10

                3.  Unprecedented Dual Proceedings ..................................10

II.     REHEARING IS NECESSARY BECAUSE THE PANEL MADE
        SERIOUS FACTUAL ERRORS .....................................................12

REASONS FOR GRANTING HEARING EN BANC ...........................14

I.      EN BANC REVIEW IS NECESSARY TO CORRECT A DECISION
        THAT UNDERMINES FIRST AMENDMENT PROTECTIONS
        AND CONFLICTS WITH BINDING PRECEDENT .................................14

II.     THE CASE PRESENTS A QUESTION OF EXCEPTIONAL
        IMPORTANCE UNDER FRAP 40(a)(2) ......................................15

III.    THE PANEL'S DECISION CONFLICTS WITH FOUNDATIONAL
        SUPREME COURT PRECEDENTS, INCLUDING *MT. HEALTHY*,

*PICKERING*, AND *MCDONNELL DOUGLAS*, REQUIRING
REHEARING..........................................................................................18

IV.   THE PANEL'S DECISION CONFLICTS WITH ESTABLISHED
NINTH CIRCUIT PRECEDENT, INCLUDING *BELLO-REYES* AND
*ULRICH*, REQUIRING REHEARING TO RESTORE
UNIFORMITY.......................................................................................21

CONCLUSION .................................................................................................23

CERTIFICATE OF COMPLIANCE ................................................................25

CERTIFICATE OF SERVICE..........................................................................26

PANEL'S MEMORANDUM OF DISPOSITION .................................................27

# TABLE OF AUTHORITIES

## Cases

*Bell v. Clackamas County*
        341 F.3d 858 (9th Cir. 2003) .......................................................................11

*Bello-Reyes v. Gaynor*
        985 F.3d 696 (9th Cir. 2021) .................................................................8, 17

*Gomez-Perez v. Potter*
        553 U.S. 474 (2008)................................................................................10

*Jackson v. Birmingham Bd. of Educ.*
        544 U.S. 167 (2005).................................................................................10

*Lowe v. City of Monrovia*
        775 F.2d 998 (9th Cir. 1985), amended, 784 F.2d 1407 (9th Cir. 1986) .......13

*McGinest v. GTE Service Corp.*
        360 F.3d 1103 (9th Cir. 2004) ..........................................................8, 13, 17

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*
        429 U.S. 274 (1977)...........................................................................passim

*Nieves v. Bartlett*
        587 U.S. 391 (2019)................................................................................17

*Pickering v. Board of Education*
        391 U.S. 563 (1968)...........................................................................passim

*Poland v. Chertoff*
        494 F.3d 1174 (9th Cir. 2007) ....................................................................12

*Porter v. Cal. Dep't of Corrs.*
        419 F.3d 885 (9th Cir. 2005) ......................................................................12

*Robinson v. Alameda Cnty.*
        680 Fed. Appx. 568 (9th Cir. 2017) ...........................................................12

*Schnidrig v. Columbia Mach. Inc.*
        80 F.3d 1406 (9th Cir. 1996) ......................................................................13

iii

*Ulrich v. City and Cnty. of San Francisco*
    308 F.3d 968 (9th Cir. 2002) ...................................................................passim

*Village of Arlington Heights v. Metro. Hous. Dev. Corp.*
    429 U.S. 252 (1977) ........................................................................................9

**Statutes**

42 U.S.C. § 1983 ...............................................................................................1

**Rules**

Fed. R. Civ. P. 40 ....................................................................................passim

## INTRODUCTION

Pursuant to Fed. R. App. P. 40, Appellant David M. Kissner ("Appellant" or "Kissner") respectfully petitions for Panel rehearing and rehearing en banc of this Court's January 22, 2025, memorandum decision (Dkt. No. 32-1) affirming the District Court's grant of summary judgment in favor of Appellees. Rehearing is warranted because the Panel's decision overlooked material points of law and fact, misapplied controlling Supreme Court and Ninth Circuit precedent, and raised a question of exceptional importance regarding the scope of First Amendment protections for public employees.[1]

## FACTUAL AND PROCEDURAL OVERVIEW

Plaintiff-Appellant David M. Kissner ("Appellant" or "Kissner"), a tenured teacher, brought this action under 42 U.S.C. § 1983 against Defendants-Appellees Loma Prieta Joint Union Elementary School District ("District") and various school officials (collectively "Defendants"), alleging retaliation in violation of his First Amendment rights. Kissner claims that his termination and subsequent layoff were motivated by his protected speech on matters of public concern, specifically his criticism of the District's policies and practices.

---

[1] Fed. R. App. P. 40(b)(1)(A) provides: "A petition for Panel rehearing must … state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended[.]"

1

Kissner was employed by the Loma Prieta Joint Union Elementary School District for nine years and had attained tenured status. During his employment, Kissner engaged in speech that touched on matters of public concern, including criticisms of the District's administrative and fiscal decisions and policies. In response to this speech, Kissner alleges that the Defendants subjected him to adverse employment actions, including termination and layoff, in violation of his First Amendment rights.

Kissner challenged his dismissal before a Commission on Professional Competence ("Commission"), which upheld the District's decision in part and is now reconsidering its decision on remand. *See* Request for Judicial Notice.[2] He subsequently filed suit in federal court, arguing that the Defendants' actions were

---

[2] The Panel's conclusion that the District Court could properly consider the Commission's decision is additionally flawed because Kissner's Petition for Writ of Mandate was granted in part and remanded to the Commission to "reconsider its actions in light of the Order and Judgment, including whether there is sufficient evidence to show that Kissner demonstrated evident unfitness for service under section 44944, subdivision (a)(6), whether discipline is warranted, and if discipline is warranted, what the appropriate discipline should be." Request for Judicial Notice ("RJN"), Exh. 1 (Judgment/Order); Exh. 2 (Writ).

The matter is therefore set for rehearing and reconsideration, rendering the Commission's original findings moot. *Id.*, Exh. 3 (Scheduling Order). Consequently, the Commission has not yet issued a final determination of dismissal or a final decision on whether the Governing Board retaliated against Kissner for his protected speech.

motivated by his protected speech and violated *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) ("*Mt. Healthy*"). The District Court granted summary judgment in favor of the Defendants, concluding that the Commission's decision eliminated any issue of retaliatory motive and that Kissner's layoff claims were barred by res judicata.

On appeal, Kissner argued that the District Court misapplied *Mt. Healthy* by failing to examine the District school board's retaliatory motive and improperly resolved factual disputes at the summary judgment stage. The Ninth Circuit issued a memorandum disposition affirming the District Court's ruling. The Panel denied oral argument and relied on the Commission's findings, now moot,[3] to conclude that the District's reasons for terminating Kissner were independent of his protected speech.

Kissner now seeks rehearing, arguing that the Panel's decision overlooked settled Ninth Circuit law precluding summary judgment where evidence exists demonstrating pretextual justifications for retaliation based on protected speech. Kissner also contends that the Panel's decision conflicts with Supreme Court and other Circuit precedent on the parties' respective burdens on summary judgment and that the First Amendment issues presented by this case are of exceptional importance.

---

[3] *See* n.1, *supra*.

## REASONS FOR GRANTING REHEARING

**I.     REHEARING IS NECESSARY BECAUSE THE PANEL FAILED TO APPLY PROPER LEGAL STANDARDS, ADDRESS CRITICAL EVIDENCE, AND CONDUCT A MIXED-MOTIVE ANALYSIS**

      **A.     <u>The Panel Failed To Perform A Proper Burden-Shifting Analysis, Disregarded Critical Evidence, And Neglected A Mixed-Motive Evaluation</u>**

Under the *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968 (9th Cir. 2002) ("*Ulrich*") line of decisions, which includes *Pickering v. Board of Education*, 391 U.S. 563 (1968) ("*Pickering*") and *Mt. Healthy*, a plaintiff asserting a First Amendment retaliation claim must satisfy a three-phase burden-shifting framework. The Panel's decision, however, misapplied this standard by failing to properly address the evidence at each stage. Specifically, it overlooked the significance of Kissner's prima facie evidence, ignored the necessity of scrutinizing the defendants' rebuttal evidence, bypassed a thorough evaluation of whether the defendants' actions were motivated, at least in part, by unconstitutional retaliation, and dismissed Kissner's compelling evidence of pretext without proper consideration. In fact, it presented barely any analysis at all, even after submitting the matter on the briefs without oral argument. The parties were thus essentially deprived of any meaningful or critical analysis of the issues.

First, the Panel overlooked or failed to adequately consider the substantial prima facie evidence of unconstitutional retaliation presented by Kissner, as required

4

in the initial phase. This evidence meets the plaintiff's burden under *Ulrich* but received no meaningful analysis from the Panel. Even if the Panel had presumed that Kissner met this burden, it failed to explicitly acknowledge or articulate such a finding.

Second, in the second phase of the burden-shifting scheme, the Panel neglected to evaluate, much less identify, the defendants' evidence—or, more accurately, lack thereof—purporting to rebut Kissner's prima facie case. In this regard, it referred to a sparing amount of evidence, all of which was factually inaccurate, accepting it at face value and interpreting it in the light most favorable to the defendants.

Critically, the Panel failed to perform a crucial "mixed-motive" analysis under *Mt. Healthy*, neglecting to evaluate whether the defendants' decision was substantially or primarily motivated by unconstitutional retaliation. Without such analysis, it remains unclear how the defendants met their burden of showing non-retaliatory motives. Indeed, the central question in this case is whether a reviewing court may grant summary judgment upholding the termination of a tenured teacher without determining whether the teacher's protected speech was a motivating factor in the governing board's decision, thereby denying the teacher's right to have the case heard by a finder of fact. This omission is particularly inconsistent with controlling legal precedent because *Mt. Healthy* explicitly requires courts to

5

scrutinize the *school district governing board's* motive, *not* the findings of a subsequent disinterested administrative tribunal. By ignoring this fundamental principle, the Panel's decision contravenes binding Supreme Court precedent and creates a dangerous loophole that allows public employers to evade liability for retaliatory terminations by hiding behind ostensibly neutral administrative proceedings.

Finally, in the third phase, the Panel failed to consider Kissner's arguments demonstrating pretext. Under *Ulrich*, the Court was obligated to evaluate whether Kissner had shown that the defendants' stated reasons for their actions were merely a pretext for unconstitutional retaliation. Kissner presented substantial and compelling evidence of pretext, which the Panel disregarded entirely. By failing to scrutinize this evidence, the Panel left a critical component of the *Ulrich* analysis unresolved, thereby undermining the correct application of the burden-shifting framework and the integrity of its decision.

By neglecting to address each phase of the *Ulrich* framework, the Panel's decision conflicts with controlling precedent and warrants rehearing to ensure proper application of the law to the evidence presented.

Moreover, the Panel's decision conflicts with established Ninth Circuit precedent governing First Amendment retaliation claims. In *Bello-Reyes v. Gaynor*, 985 F.3d 696, 702 (9th Cir. 2021) ("*Bello-Reyes"*), this Court held that the burden is

6

on the employer to prove that it would have taken the same action absent the protected speech. Here, the Panel did not require defendants to meet this burden, instead deferring to the Commission's decision without examining whether the governing board's initial termination decision was motivated by retaliation. This approach is directly contrary to *McGinest v. GTE Service Corp.*, 360 F.3d 1103 (9th Cir. 2004), which holds that questions of motive and intent are factual issues that must be resolved by a jury, not at the summary judgment stage, and that they may be inferred from circumstantial evidence. *Id*. at 1124.

B.    The Panel Ignored *Mt. Healthy's* Mandate To Scrutinize The Governing Board's Motive

In *Mt. Healthy*, the Supreme Court established a critical burden-shifting framework for First Amendment retaliation claims. The plaintiff must first demonstrate that protected speech was a "substantial" or "motivating factor" in the adverse employment action. If established, the burden shifts to the employer to prove the same action would have occurred regardless of the protected speech. A public employer violates the First Amendment if the employee's protected speech is a "substantial factor" in the termination decision, even if the employer later identifies a legitimate justification. *Mt. Healthy* explicitly requires courts to examine the *school district governing board's* motive—*not* the findings of a subsequent administrative tribunal. *Id*. at 287 ("Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and

7

that this conduct was a 'substantial factor' or to put it in other words, that it was a 'motivating factor.' "), citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 270 (1977), decided the same day. Under this burden-shifting scheme, if a plaintiff demonstrates that an official decision was motivated in part by an impermissible purpose, the burden shifts to the defendant to prove that the same decision would have been made absent the improper motive. If the defendant meets this burden, the plaintiff cannot attribute the alleged harm to the unlawful motive, and judicial intervention is unwarranted. However, if the plaintiff fails to make the initial showing of improper motive, the burden does not shift.

Here, the Governing Board—not the Commission—initiated Kissner's termination. As detailed in Appellant's Opening Brief (AOB, pp. 21-41) and Reply Brief (pp. 5-20), the Board's decision to terminate Kissner was motivated by retaliatory animus stemming from his opposition to Measure N, a school-funding tax measure. The Commission's subsequent ratification of the termination does not absolve the Board of liability under *Mt. Healthy*, which focuses on the employer's intent *at the time of the adverse action*. Importantly, without a determination that the Governing Board was improperly motivated, the burden of proof never shifts back to the Defendants to prove that it would have terminated Kissner even absent the improper motive. The Panel's failure to engage with this critical distinction

8

contravenes *Mt. Healthy* and creates a loophole that undermines First Amendment protections.

The Panel's decision thus overlooked the fundamental principle that retaliation claims require an examination of the *employer's specific intent*. As the Supreme Court has reaffirmed, "Retaliation is, by definition, an intentional act." *Gomez-Perez v. Potter*, 553 U.S. 474, 480 (2008), quoting *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 168 (2005). By uncritically deferring to the District Court's undue deference to the Commission's determination and neglecting to meaningfully examine the Board's underlying motivations, the Panel failed to uphold this binding judicial precedent.

### C.     The Panel Overlooked Material Evidence Of Retaliatory Motive

The Panel's tersely-written four-page decision disregarded uncontroverted evidence in the record demonstrating that the Board's termination decision was retaliatory. This oversight demonstrates a fundamental failure to adhere to well-established precedent requiring courts to carefully scrutinize such evidence, especially at the summary judgment stage.

#### 1.     Temporal Proximity

Kissner's termination occurred mere weeks after the defeat of Measure N, which he publicly opposed, and his petition challenging the Board's provisional appointment (AOB, pp. 12-15; Reply Brief, pp. 8-10). Temporal proximity,

9

especially when combined with other indicia of retaliation, has long been recognized as sufficient to create a triable issue of fact. In *Bell v. Clackamas County*, 341 F.3d 858, 865-66 (9th Cir. 2003), the Ninth Circuit held that close temporal proximity between protected activity and adverse employment action can establish causation, particularly where additional evidence supports retaliatory motive. Here, the Panel failed to account for this critical timing, which strongly suggests a retaliatory nexus.

2. Shifting Justifications

Initially, the Board justified Kissner's layoff on budgetary grounds. However, it later shifted its rationale, as it became clear that his layoff would have no impact on the budget (AOB, pp. 17-19). Courts routinely view such inconsistent explanations as evidence of pretext. For example, in *Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007), the Ninth Circuit emphasized that an employer's shifting explanations for adverse employment actions can signal unlawful motives. This principle applies directly here, as the Board's contradictory justifications undermine its credibility and further support a finding of retaliation.

3. Unprecedented Dual Proceedings

For the first time in District history—a claim that has never been disputed—a tenured teacher was subjected to simultaneous dismissal and layoff proceedings (AOB, pp. 33-34). This extraordinary and unprecedented procedural irregularity, occurring amid intense political conflict with Kissner, underscores the retaliatory

10

nature of the Board's actions. Courts have consistently viewed deviations from standard procedures as probative evidence of discrimination or retaliation. *See Robinson v. Alameda Cnty.,* 680 Fed. Appx. 568, 570 (9th Cir. 2017) (unpublished) ("procedural irregularities can support an inference that an employer's stated reason for an adverse action is actually pretext for its true retaliatory motive"), citing *Porter v. Cal. Dep't of Corrs.*, 419 F.3d 885, 896 (9th Cir. 2005) ("deviations from the [public agency's] protocol support an inference of pretext").

By disregarding this compelling evidence—temporal proximity, shifting justifications, and unprecedented procedural irregularities—the Panel failed to respect controlling precedent. In *McGinest v. GTE Serv. Corp., supra*, the court emphasized that factual disputes, particularly those involving motive, cannot be resolved at the summary judgment stage. "We have held that very little evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder." *Id*. at 1124 (cleaned up; emphasis added), quoting *Schnidrig v. Columbia Mach., Inc*., 80 F.3d 1406, 1409 (9th Cir. 1996); *see also Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985), amended, 784 F.2d 1407 (9th Cir. 1986) (well-established that an employer's intent to discriminate is "a pure question of fact" to be left to the trier of fact).

11

The Panel's four-page memorandum decision failed to engage with the compelling evidence of temporal proximity, shifting justifications, and unprecedented procedural irregularities, offering instead a perfunctory analysis that disregarded controlling precedent and denied Kissner the opportunity to have his claims fully and fairly adjudicated by a trier of fact.

## II.    REHEARING IS NECESSARY BECAUSE THE PANEL MADE SERIOUS FACTUAL ERRORS

In addition to misapprehending the appropriate burden-shifting framework, the Court committed significant factual errors by accepting as true the unsubstantiated claims that Kissner "violated numerous District policies" and that parental complaints were used to justify his dismissal.

The record contains *no* evidence supporting the assertion that Kissner violated *any* District policies. Moreover, the defendants *did not* rely on parental complaints as justification for Kissner's termination, regardless of their presence in the record, nor was *any* evidence presented to support such a claim. The Panel unreasonably inferred—based solely on the existence of parental complaints in the record, and without considering the record as a whole—that these complaints sufficiently justified the Defendants' decision. In reality, the Defendants' sole argument is that the Commission's finding of evident unfitness alone constitutes sufficient evidence that Kissner's termination was inevitable:

> The undisputed evidence establishes that the District would have terminated even in the absence of plaintiff's protected conduct, <u>because the termination decision was made by an independent Commission on Professional Competence</u> that was not influenced by any alleged political animus.

(ER-238.) (Emphasis added.)

Given that the record contains substantial evidence casting doubt on the credibility of the Defendants' claims (ER 370-373), and Defendants have failed to produce any independent, admissible evidence demonstrating that termination would have occurred in the absence of his protected conduct, as a factual matter, the Panel is mistaken in concluding that Defendants' motives are not subject to genuine dispute. Mere allegations of wrongdoing are insufficient to satisfy Defendants' burden under *Mt. Healthy.*

After ten days of hearings, the Commission found no evidence to support four out of five statutory grounds for dismissal, including unprofessional conduct, unsatisfactory performance, immoral conduct, and persistent violation of rules. (ER 370-373.) Instead, it upheld Kissner's dismissal solely on the vague and subjective ground of "evident unfitness for service" (*id*.), relying on only a small fraction of the District's original allegations—most of which were either unsubstantiated or abandoned.

Subsequent to the District Court's decision, the Superior Court has overturned the Commission's findings and remanded the matter for reconsideration.  RJN,

13

*supra*, Exhs. 1 & 2. A hearing on the matter is scheduled for February 11, 2025, and the Commission has therefore not issued a new decision. *Id*., Exh. 3. Accordingly, the Commission's original determination is void.

Despite the lack of credible evidence and multiple findings that undermine the District's claims, the Panel nevertheless concluded that Kissner violated numerous District policies. However, the District has failed to identify a single policy violation, and the Commission found none. The complete absence of any substantiated policy violation reinforces Kissner's argument that the allegations were pretextual and politically motivated, and that the District itself did not genuinely believe it had sufficient grounds for his termination.

The Panel's reasoning effectively nullifies retaliation claims. If pretextual allegations themselves can meet the employer's burden of showing they would have terminated the employee anyway, employees would be unable to contest retaliatory actions. Genuine disputes remain regarding the District's motives, requiring resolution by a fact-finder.

## REASONS FOR GRANTING HEARING EN BANC

## I. EN BANC REVIEW IS NECESSARY TO CORRECT A DECISION THAT UNDERMINES FIRST AMENDMENT PROTECTIONS AND CONFLICTS WITH BINDING PRECEDENT

En banc review is warranted under Fed. R. Civ. P. 40(b)(2) because the Panel's decision threatens the uniformity of this Court's jurisprudence, raises a question of

14

exceptional constitutional importance, and directly conflicts with Supreme Court and Ninth Circuit precedent. The ruling paves the way for public employers to sidestep liability for retaliation by delegating termination decisions to administrative tribunals, effectively dismantling the protections established in *Mt. Healthy* and *Pickering*. This petition satisfies the criteria for rehearing en banc under the Rule for the following reasons:

1.      The Panel's decision weakens constitutional protections for public employees, particularly teachers, who engage in political speech, raising a question of exceptional importance.

2.      Consideration by the full court is necessary to secure uniformity. The Panel's decision conflicts with Ninth Circuit precedent, including *Ulrich*, *Bello-Reyes*, and *McGinest*, creating inconsistency in the application of First Amendment retaliation law.

3.      The decision conflicts with Supreme Court precedent. The Panel's ruling contravenes *Mt. Healthy*, *Pickering*, and *Nieves v. Bartlett*, 587 U.S. 391 (2019), which require courts to scrutinize the employer's motive in retaliation cases.

## II.     THE CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE UNDER FRAP 40(a)(2)

This case raises a question of exceptional importance: whether public employers may shield themselves from First Amendment liability by ostensibly delegating termination responsibility to administrative tribunals. The Panel's ruling,

which permits employers to circumvent the burden-shifting framework of *Mt. Healthy*, through procedural mechanisms, jeopardizes the constitutional rights of millions of public employees.

The Supreme Court has long held that the First Amendment protects public employees' right to speak on matters of public concern, as such speech lies at the heart of the Constitution's protections. In, the Court declared that the public's interest in having free and open discussion of public issues, particularly by those most informed on the subject, is of paramount importance. Moreover, the Court emphasized that "[i]t is essential that [teachers] be able to speak out freely on … questions [of legitimate public concern] without fear of retaliatory dismissal." Id. at 572. Teachers, who often occupy a vital position in their communities, serve as critical voices on issues ranging from school governance to education policy, making their speech indispensable to public discourse.

This case exemplifies the danger posed to these constitutional protections when employers are allowed to insulate their retaliatory motives by delegating termination decisions to administrative bodies. Here, Kissner engaged in speech addressing school policy and governance—core matters of public interest—yet was subjected to retaliatory dismissal cloaked in administrative proceedings that purported to legitimize the Governing Board's actions. By deferring to the Commission on Professional Competence (Commission) without examining

16

whether the Governing Board's decision was motivated by unconstitutional retaliation, the Panel effectively nullified the protections established in *Pickering* and *Mt. Healthy*.

The Panel's decision also departs from the Supreme Court's emphasis on ensuring that public employees' speech remains robustly protected, even when employers provide ostensibly legitimate reasons for adverse employment actions. In *Mt. Healthy*, the Court specifically required that the employer's motives be scrutinized to determine whether the employee's protected speech was a substantial or motivating factor in the adverse action. By allowing the Commission's findings to preemptively shield the Governing Board from liability, the Panel disregarded the critical inquiry into retaliatory motive mandated by *Mt. Healthy*.

The ruling further risks chilling speech on matters of public concern by public employees, particularly teachers, who may fear retaliation hidden behind administrative procedures. This chilling effect undermines the essential balance struck in *Pickering*, where the Court recognized the need to protect employee speech while allowing employers to maintain efficient operations. The Panel's decision upsets this balance, tipping the scales in favor of employers who can now avoid meaningful scrutiny of their actions by virtue of the fact that dismissal cases are heard by an administrative panel.

17

Additionally, the Panel's ruling creates a circuit split with courts that rigorously apply *Mt. Healthy* and require robust scrutiny of employers' motives in retaliation cases. Courts in other circuits have consistently held that administrative findings cannot supplant the requirement to evaluate whether protected speech was a motivating factor in the employer's decision. *See, e.g.*, *Nichols v. Dancer*, 657 F.3d 929, 933-34 (9th Cir. 2011); *Connick v. Myers*, 461 U.S. 138, 150-51 (1983). Rehearing is necessary to reaffirm that no procedural mechanism—whether administrative proceedings or otherwise—can override the constitutional protections afforded to public employees under the First Amendment.

By failing to enforce these constitutional safeguards, the Panel's decision endangers the rights of public employees nationwide, particularly educators who must be free to voice concerns about school policies and governance. This case presents an issue of exceptional importance that warrants rehearing to restore the balance of protections established under *Pickering* and *Mt. Healthy*.

### III.  THE PANEL'S DECISION CONFLICTS WITH FOUNDATIONAL SUPREME COURT PRECEDENTS, INCLUDING *MT. HEALTHY*, *PICKERING*, AND *MCDONNELL DOUGLAS*, REQUIRING REHEARING

The Panel's decision directly conflicts with Supreme Court precedent, most notably *Mt. Healthy*, *supra*, by failing to apply the required burden-shifting framework to evaluate the Governing Board's motivations for terminating Kissner. Under *Mt. Healthy*, once a plaintiff demonstrates that their protected speech was a

18

substantial or motivating factor in the adverse employment action, the burden shifts to the employer to prove that it would have taken the same action even in the absence of the protected conduct. This standard mandates careful scrutiny of the employer's motives. Here, the Panel improperly deferred to the findings of the Commission on Professional Competence (Commission) rather than independently assessing the Governing Board's motives, as *Mt. Healthy* requires.

By substituting the Commission's findings for the required analysis of the Governing Board's decision-making process, the Panel effectively disregarded the Supreme Court's directive that courts must examine whether retaliation was a motivating factor in the employer's action. The Supreme Court has also emphasized the role of circumstantial evidence in evaluating retaliation claims, recognizing that direct evidence of retaliatory intent may not always be available. *Hartman v. Moore*, 547 U.S. 250, 259-60 (2006). The Panel's failure to analyze the substantial circumstantial evidence presented by Kissner—such as the timing of the dismissal, inconsistent explanations for his termination, and evidence of animus—renders its decision fundamentally inconsistent with binding precedent.

This error is compounded by the Panel's failure to address the implications of *Pickering*, which underscores the importance of safeguarding public employees' First Amendment rights, especially when their speech concerns matters of public interest. Under *Pickering*, courts must balance the employee's right to free speech

19

against the employer's interest in maintaining efficient operations. The Panel did not conduct this analysis, even though Kissner's speech about school policy and funding clearly touched on matters of public concern. Furthermore, *Pickering* recognizes that the burden rests with the employer to justify restrictions on such speech. By failing to assess whether the Governing Board's purported justifications outweighed Kissner's First Amendment rights, the Panel bypassed a critical step required under Supreme Court precedent.

The Panel's approach also conflicts with the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which applies in cases of retaliatory or discriminatory motive. Under *McDonnell Douglas*, once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. If the employer meets this burden, the plaintiff must then show that the stated reason is a pretext for retaliation. Here, the Panel failed to scrutinize whether the Governing Board's reasons for terminating Kissner were pretextual, despite the substantial evidence of inconsistencies and retaliatory animus. This omission undermines the proper application of *McDonnell Douglas* and leaves critical questions about the defendants' motivations unresolved.

In addition, the Panel ignored Kissner's compelling evidence of pretext, including the revival of stale allegations and the unprecedented dual proceedings of

20

dismissal and layoff, which suggest a coordinated effort to retaliate against him. As *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 148 (2000), instructs, courts must consider the totality of the evidence, including circumstantial evidence, in determining whether an employer's stated reasons are credible. By disregarding these principles, the Panel departed from established precedent and failed to ensure the rigorous scrutiny required in First Amendment retaliation cases.

The Panel's misapplication of these foundational Supreme Court precedents—*Mt. Healthy*, *Pickering*, and *McDonnell Douglas*—warrants rehearing. The errors not only undermine the integrity of the burden-shifting framework but also diminish the protections afforded to public employees who speak out on matters of public concern. Rehearing is essential to correct these legal missteps and ensure consistent application of Supreme Court jurisprudence.

## IV. THE PANEL'S DECISION CONFLICTS WITH ESTABLISHED NINTH CIRCUIT PRECEDENT, INCLUDING *BELLO-REYES* AND *ULRICH*, REQUIRING REHEARING TO RESTORE UNIFORMITY

The Panel's decision directly conflicts with established Ninth Circuit precedent, including *Bello-Reyes* and, by misapplying the burden of proof and failing to address significant evidence of retaliation. In *Bello-Reyes*, this Court held that the employer bears the burden of proving it would have taken the same action absent the employee's protected speech. Similarly, in *Ulrich*, this Court emphasized that courts must thoroughly examine the employer's motives and whether retaliatory

21

intent was a substantial or motivating factor in the adverse employment action. Here, the Panel improperly shifted this burden by deferring to the Commission's findings instead of independently analyzing the Governing Board's motivations, as *Ulrich* requires. This departure undermines the uniform application of the Ninth Circuit's burden-shifting framework in First Amendment retaliation cases.

Additionally, the Panel improperly weighed evidence and drew inferences that should have been reserved for the jury. As this Court has consistently held, including in *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.3 (9th Cir. 2021), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), credibility determinations and the weighing of evidence are core jury functions, not the role of the court. By discounting substantial evidence of retaliatory motive—such as the political environment influencing the Governing Board's decisions and inconsistencies in the defendants' explanations—the Panel improperly resolved factual disputes against Kissner, depriving him of the opportunity for a jury to evaluate these issues. Not only did the panel resolve factual disputes against Kissner, but they did so based on evidence that was never argued by the District and where Kissner never had the chance to respond with evidence of pretext.

Moreover, the Panel failed to recognize that the "caustic political environment" surrounding Kissner's termination raises a genuine issue of material fact regarding the Governing Board's motives.  As this Court held in *Gilbrook v. City*

22

*of Westminster*, 177 F.3d 839, 857 (9th Cir. 1999), a politically charged atmosphere strongly suggests retaliatory intent, creating a jury question. By disregarding this precedent, the Panel ignored the significant body of circumstantial evidence pointing to a retaliatory motive, further compounding its departure from binding Ninth Circuit law.

These errors, combined with the Panel's failure to adhere to the framework set forth in *Ulrich* and *Bello-Reyes*, create an intra-circuit conflict and weaken constitutional protections for public employees. Rehearing is necessary to address these conflicts, ensure adherence to Ninth Circuit precedent, and preserve the uniformity of this Court's retaliation jurisprudence.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant panel rehearing or, alternatively, rehearing en banc. The panel's decision conflicts with binding Supreme Court and Ninth Circuit precedent, including *Mt. Healthy*, *Pickering*, and *Ulrich*, by failing to properly apply the burden-shifting framework for First Amendment retaliation claims. Furthermore, the decision overlooked material evidence of retaliatory motive and ignored the necessity of a mixed-motive analysis, as required under *Mt. Healthy*.

Rehearing is essential to ensure the proper application of established legal standards, to address the significant constitutional questions raised in this case, and

to preserve the uniformity of this Court's jurisprudence on First Amendment protections for public employees. The ruling not only undermines these protections but also sets a dangerous precedent allowing public employers to insulate retaliatory decisions behind procedural mechanisms, circumventing constitutional scrutiny.

Appellant respectfully submits that this case involves issues of exceptional importance warranting this Court's immediate and full attention.

Date: February 5, 2025                    FREEDOM X

                                          /s/ William J. Becker, Jr.
                                          WILLIAM J. BECKER, JR.
                                          Bill@FreedomXLaw.com
                                          11500 Olympic Blvd., Suite 400
                                          Los Angeles, California 90064
                                          Telephone: (310) 636-1018

                                          Attorneys for Appellant,
                                          DAVID M. KISSNER

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form11instructions.pdf

**9th Cir. Case Number(s)**

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

○   Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** [          ].
*(Petitions and responses must not exceed 4,200 words)*

**OR**

○   In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** [                    ]  **Date** [                ]
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11**                                                                 *Rev. 12/01/24*

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID M. KISSNER, | No. 24-1261 |
| Plaintiff - Appellant, | D.C. No.<br>3:22-cv-00949-CRB |
| v. | MEMORANDUM[*] |
| LOMA PRIETA JOINT UNION<br>ELEMENTARY SCHOOL DISTRICT; et<br>al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 17, 2025[**]
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Plaintiff-Appellant David M. Kissner appeals the district court's grant of

summary judgment to Defendants-Appellees on Kissner's First Amendment

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliation claims with respect to his termination and layoff.[1]  We review de novo
the district court's grant of summary judgment.  *Ventura Packers, Inc. v. F/V
Jeanine Kathleen*, 305 F.3d 913, 916 (9th Cir. 2002).  Viewing the evidence in the
light most favorable to the nonmoving party (here, Kissner), we determine
"whether there are any genuine issues of material fact and whether the district
court correctly applied the relevant law."  *Id.*  We affirm.

To succeed on a First Amendment retaliation claim, the plaintiff must first
show that "(1) he was subjected to an adverse employment action, such as being
denied a benefit or privilege by [his public employer], (2) he engaged in speech
that was constitutionally protected because it touched on a matter of public concern
and (3) the protected expression was a substantial motivating factor for the adverse
action."  *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 976 (9th Cir.
2002).  Once those showings are made,

> [T]he burden shifts to the public employer to demonstrate either that,
> under the balancing test established by *Pickering v. Bd. of Educ.*, 391
> U.S. 563, 568 (1968), its legitimate administrative interests outweighed
> [Plaintiff's] First Amendment rights or that, under the mixed motive
> analysis established by *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S.
> 274, 287 (1977), it would have reached the same decision even in the
> absence of the plaintiff's protected conduct.

---

[1]  Arguments not raised clearly and distinctly in the opening brief are
forfeited.  *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014).
Here, the only arguments raised clearly and distinctly in the Opening Brief concern
Kisser's First Amendment retaliation claims.  Any challenges to the district court's
rulings on other claims are therefore forfeited.

*Id.* at 976-77 (cleaned up).

1.  As to Kissner's termination, even if Kissner made the necessary prima facie showing, there is no genuine dispute that Defendants would have terminated Kissner even in the absence of Kissner's protected conduct.  Defendants' reasons for terminating Kissner (*i.e.*, that Kissner violated numerous District policies) were independent of Kissner's protected conduct, and there is no genuine dispute that Defendants believed those reasons, which overwhelmingly supported terminating Kissner's employment.

Kissner argues that Defendants' reasons for terminating him were false.  But in assessing whether Defendants' justifications for terminating Kissner were false, "it is not important whether they were *objectively* false" in the sense of whether Kissner actually did what he was accused of doing.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).  Rather, this court "only require[s] that an employer honestly believed its reason for its actions."  *Id.* (quotation marks and citation omitted).  Here, Defendants provided evidence of, *inter alia*, firsthand complaints that they received from parents about Kissner's conduct.  Kissner provided no countervailing evidence showing that Defendants did not honestly believe that those complaints described conduct that had occurred, that Defendants did not honestly believe their other proffered reasons for terminating him, or that any other teacher subject to similar complaints would not also have been

terminated.  There is thus no genuine dispute as to whether Defendants would have terminated Kissner regardless of his protected conduct.

2.  Kissner's remaining arguments as to his layoff-related claims are forfeited because Kissner's opening brief does not clearly and distinctly challenge the district court's ruling as to Defendants' liability for Kissner's layoff.  *See Avila*, 758 F.3d at 1101.  In any event, all of Kissner's layoff-related claims are precluded by a final state court judgment on the merits upholding the legality of Kissner's layoff.  *Kissner v. Loma Prieta Joint Union Sch. Dist.*, Nos. H050873, H050947, 2024 WL 1132173 (Cal. Ct. App. Mar. 15, 2024), *as modified on denial of reh'g* (Apr. 8, 2024), *review denied* (July 10, 2024); *see Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 915 (9th Cir. 1993) ("[28 U.S.C. § 1738] requires that federal courts look to state law to determine the preclusive effect of an earlier state judgment."); *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (explaining that *res judicata* applies under California law when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding" (quotation marks and citation omitted)).

**AFFIRMED.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: February 5, 2025

FREEDOM X


/s/ William J. Becker, Jr.
WILLIAM J. BECKER, JR
Attorneys for Appellant,
DAVID M. KISSNER

26