No. 24-1261

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DAVID M. KISSNER, an individual,

*Plaintiff-Appellant*,
v.
LOMA PRIETA JOINT UNION SCHOOL DISTRICT; ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California, San Francisco
No. 5:22-cv-00949-CRB
Hon. Charles R. Breyer

**APPELLANT'S MOTION TO FILE OVERSIZED PETITION**

WILLIAM J. BECKER, JR., ESQ.
Bill@FreedomXLaw.com
FREEDOM X
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Attorneys for Appellant
DAVID M. KISSNER

## INTRODUCTION

Pursuant to Fed. R. App. P. 27 and Circuit Rule 32-2, Appellant David M. Kissner respectfully moves for leave to file an oversized Petition for Panel Rehearing and Rehearing En Banc exceeding the 4,200-word limit imposed by Circuit Rule 40-1(a). The proposed petition contains 5,160 words and is submitted concurrently with this motion.

Good cause exists to permit the additional words, as this case presents substantial constitutional questions concerning the First Amendment rights of public employees, and the Panel's decision conflicts with Supreme Court and Ninth Circuit precedent governing First Amendment retaliation claims. Given the complexity of the legal and factual issues, an oversized petition is necessary to provide the Court with a complete and well-reasoned analysis.

## ARGUMENT

**I.     GOOD CAUSE EXISTS TO ALLOW AN OVERSIZED PETITION**

This case raises exceptional and significant constitutional issues regarding First Amendment protections for public employees. Appellant's claims involve the misapplication of *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), *Pickering v. Board of Education*, 391 U.S. 563 (1968), and related Ninth Circuit precedent, requiring a thorough examination of the burden-shifting framework for First Amendment retaliation claims.

The additional words are necessary for the following reasons: First, the petition challenges the Panel's application of First Amendment retaliation law, which involves a three-step burden-shifting analysis under *Mt. Healthy*, *Pickering* and other precedent. Explaining these errors concisely while addressing controlling precedent requires additional space.

Additionally, the case involves multiple overlapping administrative and judicial proceedings, including an administrative decision by the Commission on Professional Competence, a state court writ proceeding, and federal district court litigation. A proper factual summary is essential for the Court's understanding of how the Panel's ruling conflicts with precedent.

Finally, the Panel's ruling weakens First Amendment protections for public employees by allowing public employers to evade liability for retaliatory terminations through procedural mechanisms. A comprehensive discussion of the legal and policy implications is critical.

## II. PRECEDENT SUPPORTS GRANTING LEAVE FOR AN OVERSIZED PETITION

The Ninth Circuit has granted leave to file oversized petitions in cases involving substantial constitutional questions and complex factual records. *See, e.g., Rodriguez v. Swartz*, 899 F.3d 719 (9th Cir. 2018) (granting leave for an extended brief in a constitutional challenge involving government misconduct).

Here, an oversized petition is necessary to ensure a complete and fair review of the constitutional and legal errors in the Panel's decision. Without additional words, Appellant would be unable to fully address (1) the Panel's failure to apply the proper burden-shifting framework under *Mt. Healthy*; (2) the Panel's disregard of key evidence demonstrating retaliatory motive by Defendants; and (3) the Panel's improper resolution of factual disputes against Appellant at the summary judgment stage.

Given the stakes involved—protecting the ability of public employees to engage in constitutionally protected speech—granting leave for an oversized petition is both justified and necessary.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant leave to file an oversized Petition for Panel Rehearing and Rehearing En Banc containing 5,160 words, exceeding the 4,200-word limit under Circuit Rule 40-1(a).

Date: February 5, 2025            FREEDOM X

/s/ William J. Becker, Jr.
WILLIAM J. BECKER, JR.
Bill@FreedomXLaw.com
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Attorneys for Appellant,
DAVID M. KISSNER

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: February 5, 2025

                                               FREEDOM X

                                               /s/ William J. Becker, Jr.
                                               WILLIAM J. BECKER, JR
                                               Attorneys for Appellant,
                                               DAVID M. KISSNER